In February, 2017, the decedent, Joseph M. Fungaroli, died of complications from lung cancer at the age of fifty-nine. Thereafter, his son Joseph J. Fungaroli was appointed as personal representative of his estate. In May, 2017, the Executive Office of Health and Human Services (EOHHS) filed notice of a claim against the estate in the amount of $ 163,073.87, for medical costs that MassHealth paid on the decedent's behalf from April, 2014, through February, 2015.[3] The personal representative disallowed the claim, see G. L. c. 118E, § 32 (d ) (1), on the basis that the decedent was not eligible for MassHealth. EOHHS then filed a complaint in accordance with G. L. c. 118E, § 32 (f ), seeking to recover the medical costs under G. L. c. 118E, § 31 (b ) (3), pursuant to which EOHHS may recover from an estate the amount of medical assistance "correctly paid" on a decedent's behalf where (1) the individual was fifty-five years of age or older when he received such assistance, and (2) the assistance was for services provided on or after October 1, 1993.[4]
EOHHS moved for summary judgment on its complaint. See Mass. R. Civ. P. 56, 365 Mass. 824 (1974). The personal representative opposed the motion, arguing that the $ 163,073.87 in medical assistance was not "correctly paid" because EOHHS improperly placed the decedent on MassHealth when he was not eligible. The personal representative requested a continuance pursuant to Mass. R. Civ. P. 56 (f), to conduct discovery; specifically, he sought the decedent's MassHealth application and related materials. After a hearing, a judge of the Superior Court allowed EOHHS's motion for summary judgment by margin endorsement. The judge noted the absence of a dispute that the decedent received $ 163,073.87 in Medicaid benefits, and she concluded that his receipt of those benefits occurred "in such a manner and at such a time that EOHHS is entitled to recover those monies from [his] estate pursuant to" G. L. c. 118E, § 31.
On appeal, the personal representative argues that summary judgment should not have been allowed because there is a genuine dispute over whether the $ 163,073.87 was "correctly paid." "We review the allowance of a motion for summary judgment de novo to determine whether the moving party has established that, viewing the evidence in the light most favorable to the opposing party, 'there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law' " (citation omitted). Scarlett v. Boston, 93 Mass. App. Ct. 593, 596-597 (2018).
We agree with EOHSS that use of the term "correctly paid" in G. L. c. 118E, § 31, does not create an additional exception to the criteria for recovery from the estates of beneficiaries age fifty-five and over. Here, it is undisputed that the decedent was over fifty-five years old from April, 2014, through February, 2015, when MassHealth paid $ 163,073.87 in medical costs on his behalf. Therefore, under the statute, EOHSS has the right to recover those benefits.[5] Moreover, even if we agreed with the personal representative that MassHealth assistance was not "correctly paid" for the decedent's benefit because he was not properly enrolled in the program, that fact would have no bearing on EOHHS's entitlement to recovery of the $ 163,073.87. "The MassHealth agency has the right to recover payment for medical benefits to which the member was not entitled at the time the benefit was received, regardless of who was responsible and whether or not there was fraudulent intent." 130 Code Mass. Regs. § 501.012 (2014). Accordingly, we discern no error in the order of summary judgment.[6]
Judgment affirmed.

EOHHS is the State agency responsible for administering the Commonwealth's Medicaid program, which is known as MassHealth. See G. L. c. 118E, §§ 1, 9, 9A ; Daley v. Secretary of Executive Office of Health & Human Servs., 477 Mass. 188, 190 (2017).

Additionally, the recovery provisions of § 31 (b ) apply only where, as here, the decedent in question died on or after April 1, 1995.

EOHHS is also required by Federal law to recover those benefits. See 42 U.S.C. § 1396p(b)(1)(B) (2012).

Other arguments raised by the personal representative, but not discussed in our decision, "have not been overlooked. We find nothing in them that requires discussion." Commonwealth v. Domanski, 332 Mass. 66, 78 (1954).